Steven A. Morelli (SM-4721)
Eric S. Tilton (ET-9547), *Of Counsel*
The Law Office of Steven A. Morelli, P.C.
One Old Country Road, Ste. 347
Carle Place, New York 11514
T: (516) 393-9151
F: (516) 747-5024

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ALAINA SPILKEVITZ,                          :
                                            :     08 Civ. 3407 (SJF)(ETB)
                         Plaintiff,         :
                                            :
          -against-                         :     **PLAINTIFF'S PROPOSED**
                                            :     **JURY CHARGE**
CHASE INVESTMENT SERVICES CORP.,            :
LAWRENCE MCGOVERN, RICHARD                  :
EISEMAN, and ROBERT V. GARRETT              :
                                            :
                         Defendants.        :
---------------------------------------------------------------x

   Plaintiff Alaina Spilkevitz, by and through her attorneys, The Law Office of Steven A. Morelli, P.C., submits the following proposed jury charge. She respectfully requests that the concepts contained herein be incorporated into any charge the Court ultimately uses. Pursuant to the individual rules of the presiding District Judge in this case, Plaintiff presents only those instructions which relate to the substance of her claims and does not include proposed instructions relating to more general matters such as the roles of the jury and the judge, types of evidence, burdens of proof, and similar matters.

**REQUEST NO. 1: Direct Evidence Versus Circumstantial Evidence**

**(In addition to the Court's usual charge on direct versus circumstantial evidence)**

It is important to keep in mind that the plaintiff need not present *any* direct evidence to prevail on her claims. This is partly because direct evidence of discrimination is hard to find. For example, discriminatory individuals may want to keep their motives to themselves, articulate instead seemingly legitimate motives, and hide all direct evidence of the true reason for their actions. If such is the case, it would be difficult for a plaintiff to prove her claim by direct evidence, which is why the law permits her to rely solely upon circumstantial evidence. Accordingly, in the instant case, it is permissible for you to find in the plaintiff's favor even if you find that there is no direct evidence to support her claims.

[Authority: *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 99-100, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003); *Chambers v. TRM Copy Centers Corporation*, 43 F.3d 29, 37 (2d Cir. 1994), *Dister v. Continental Group*, 859 F.2d 1108, 1114-15 (2d Cir. 1988)]

**REQUEST NO. 2: Introduction to Plaintiff's Claims**

Generally, the plaintiff in this case claims that she has been discriminated against by the defendants due to her gender and subsequent complaints of discriminatory treatment. The term "discrimination" can mean many things under the law. However, in this case, the plaintiff claims she was discriminated against in two main ways: (1) because she was subjected to a hostile work environment while employed by the defendants; and, (2) because she was terminated from her employment. With respect to the plaintiff's hostile work environment claim, she claims she suffered a hostile work environment based upon her gender. With respect the claims focused on her termination, she claims she was terminated by the defendants due either to her gender *or* her complaints about earlier discriminatory treatment.

Therefore, you will actually be considering three distinct claims of discrimination: (1) a hostile work environment claim based upon the plaintiff's gender; (2) what is called a "disparate treatment" claim with respect to her termination, based upon her gender; and, (3) a second disparate treatment claim with respect to her termination, based upon her alleged complaints of earlier discriminatory treatment. Plaintiff's third claim is sometimes called a retaliation claim. Throughout the remainder of my instructions to you, I will differentiate between the three claims as follows: (1) I will refer to the plaintiff's first claim as her hostile work environment claim; (2) I will refer to the plaintiff's second claim as her disparate treatment claim; and, (3) I will refer to the plaintiff's third claim as her retaliation claim.

In a moment I will instruct you on the elements of each claim. However, it is important for me to instruct you first that you are required to consider each claim separately. In other words, the plaintiff may prevail on one claim or all of her claims. For example, you may find that the defendants

have prevailed on plaintiff's hostile work environment claim, but that the plaintiff has prevailed on her disparate treatment and retaliation claims. Similarly, with respect to those claims focused on plaintiff's termination, her disparate treatment and retaliation claims, you may find that the defendants terminated plaintiff due to both her gender *and* complaints of discrimination, but this need not be the case. For example, you may find that plaintiff has not proven she was terminated due to her gender, while at the same time finding that she has proven she was terminated because of her complaints of discrimination, or vice versa. Such a finding by you would not be inconsistent and is permissible under the law. Of course, it is also permissible for you to find that the plaintiff has not prevailed on any of her claims, or that the she has proven all of them. In sum, you must consider each claim separately and should not let your findings on one claim influence your findings on the others.

    I will now explain to you the elements of each claim and give you some instructions that you must follow when considering each claim.

**REQUEST NO. 3: The Court Should NOT Include the *McDonnell Douglas* Burden-Shifting Framework in its Charge to the Jury**

The Second Circuit has "'cautioned' that 'trial judges should not import uncritically language used in the traditional . . . *McDonnell Douglas* formulation into jury charges because such language —developed by appellate courts for use by judges—is at best irrelevant, and at worst misleading to a jury.'" *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 118 (2d Cir. 2000) (quoting *Renz v. Grey Advertising, Inc.*, 135 F.3d 217, 223 (2d Cir. 1997)) (internal quotation and citation omitted). The court further held:

> In an employment discrimination or retaliation case, the job of the jury is simply to decide whether an impermissible factor was a motivating factor in the adverse employment action. The jury therefore does not need to be lectured on the concepts that guide a judge in determining whether a case should go to the jury. In this case, these concepts included discussions of burden shifting and pretext—issues that were simply not the province of the jury. . . .
>
> Therefore, when the district court included these concepts as part of its jury charge by using the *McDonnell Douglas* framework, it created a distinct risk of confusing the jury. It could easily have led the jury astray from its role—merely to decide whether an impermissible factor was a motivating factor in the adverse employment action in question.

*Id.* at 118.

Accordingly, the Court should not include any discussions of burden-shifting and pretext in its charge to the jury.

**REQUEST NO. 4: Hostile Work Environment Claim**

I will now explain to you what the plaintiff must prove, by a preponderance of the evidence, in order to prove her claim that the defendants created a hostile work environment due to her gender. The plaintiff must prove each of the following elements to prevail on her hostile work environment claim:

1. That she was subjected to unwelcome harassment that was objectively and subjectively hostile;

2. That the harassment was based, in part, on the plaintiff's gender; and,

3. That the charged harassment was severe or pervasive such that it affected a term, condition, or privilege of employment by creating an intimidating, abusive work environment.

[Authority: *Meritor Savings Bank FSB v. Vinson*, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986); *Alfano v. Costello*, 294 F.3d 365 (2d Cir. 2002)]

**Element One**:

The first element requires that the plaintiff establish that she was subjected to unwelcome harassment that was objectively and subjectively hostile. In other words, the plaintiff must prove, by a preponderance of the evidence, that: (1) a reasonable person in the plaintiff's position would have perceived the work environment to be hostile, abusive, or offensive; and, (2) that the plaintiff herself actually perceived her work environment to be hostile, abusive, or offensive.

I would like to take a moment to explain the distinction I am drawing between these two concepts. You are asked to focus on both how a reasonable person would have viewed the conduct and how this plaintiff actually viewed it. This is because the law of harassment raises competing

concerns that must be balanced. On the one hand, the law recognizes that there may be some individuals who are more sensitive than others and who, therefore, may perceive harassment where most people would not. The focus on how a reasonable person would view the events reflects a desire to avoid imposing liability where a reasonable person would not think that others would be offended. On the other hand, some individuals have thicker skins than others. They may not actually be offended by behavior that most people would find objectionable. To allow a person who was not actually offended to recover simply because someone else would have been offended in similar circumstances also would be unfair. This is why you must determine whether the plaintiff has proved by a preponderance of the evidence that: (1) she actually found the conduct hostile and unwelcome; and, (2) a reasonable woman in similar circumstances as the plaintiff would have found the same conduct to be hostile and unwelcome.

[Authority: *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 20 (1993); *Torres v. Pisano*, 116 F.3d 625 (2d Cir. 1997)]

**Element Two:**

To satisfy the second element of this claim, the plaintiff must establish, by a preponderance of the evidence, that she was harassed, in part, based upon her gender. To make this showing, a plaintiff must prove, by a preponderance of the evidence, that her gender was a motivating factor with respect to the treatment about which she complains. In determining whether her gender was a motivating factor, it is important for you to understand that although the plaintiff's gender must have played a role in the employer's actions, her gender need not have been the sole or exclusive factor motivating the employer's actions. This is because there may have been many factors motivating a

person's behavior. Therefore, in order for the plaintiff to prevail on this element of her claim, the plaintiff's gender may be one of many factors, so long as you find it was a motivating factor.

You may consider a number of circumstances when considering whether the defendants acted with a discriminatory motive. In determining whether the plaintiff's gender was a motivating factor with respect to the harassing conduct plaintiff is complaining about, you may, but need not, consider the following: (1) whether you believe the defendants' justifications for their actions; (2) whether similarly situated male employees were treated differently; (3) the general timing and sequence of events in plaintiff's employment; (4) whether decision makers made statements reflecting a discriminatory animus or spoke to plaintiff using sexually degrading terms; (5) whether a group of employees who were not in the plaintiff's protected class were treated more favorably than the plaintiff; and, (6) whether the plaintiff was treated less favorably than a group of people who were not in her protected class. These are merely factors, among many, that you may consider in determining whether the plaintiff's gender was, in part, a motivating factor with respect to the allegedly harassing conduct.

[Authority: *Owen v. Thermatool Corp.*, 155 F.3d 137 (2d Cir. 1998) (holding that the most important factor for a discrimination jury charge to convey is the idea that: (1) the impermissible factor must have played a role in the employer's decision; and, (2) the impermissible factor need not have been the sole consideration motivating the employer's decision); *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196 (2d Cir. 1995); *Renz*, 135 F.3d 217]

**Element Three:**

To establish the third element of her claim, the plaintiff must establish by a preponderance of the evidence that the alleged harassment was severe or pervasive such that it affected a term, condition, or privilege of employment by creating an intimidating or abusive work environment. Whether the harassment affected a term or condition of employment is determined by considering the totality of the circumstances. *Sell v. Suffolk County*, 782 F.2d 1094, 1103 (2d Cir. 1986); *Meritor*, 477 U.S. at 69.

I instruct you to keep in mind that the plaintiff need only prove that the conduct about which she is complaining was *either* severe *or* pervasive. She does not need to prove that the conduct about which she is complaining was *both* severe *and* pervasive.

For example, you may find that even a single incident, without more, was severe enough to alter the plaintiff's working environment. *Cruz v. Coach Stores, Inc.*, 202 F.3d 560 (2d Cir. 2000). On the other hand, you may find that multiple actions taken by an employer, although not individually severe in your minds, occurred so frequently that they altered the plaintiff's working environment.

In other words, the more severe the conduct, the less pervasive it must be for you to find that it affected a term or condition of the plaintiff's employment. Similarly, the more pervasive the conduct, the less severe it must be for you to find that it affected a term or condition of the plaintiff's employment. However, there is no dividing line between these two concepts and no magical point at which the scales tip; rather, only you can determine whether the conduct about which the plaintiff complains was sufficiently severe or pervasive such that it altered the conditions of her work

environment. You should do so by considering the totality of the circumstances. Some factors you may consider in addition to those you formulate in your mind include the following:

   (1) the physical environment of the plaintiff's work area;

   (2) the degree and type of harassment;

   (3) the reasonable expectations of the plaintiff upon entering the environment;

   (4) the nature of the unwelcome conduct;

   (5) the frequency of any offensive encounters;

   (6) the severity of the conduct;

   (7) the context in which the alleged harassment occurred;

   (8) whether the conduct was unwelcome;

   (9) the effect on the plaintiff's psychological well-being;

   (10) whether the conduct was physically threatening;

   (11) whether the conduct was merely an offensive utterance; and,

   (12) whether the conduct unreasonably interfered with the Plaintiff's work performance.

*Employment Litigation: Model Jury Instructions*, Section of Litigation, American Bar Association § 1.04(2)(b)(1994 ed.) (citing 29 C.F.R. § 1604.11); *see Harris*, 510 U.S. at 20; *Meritor*, 477 U.S. at 65 (1986).

Keep in mind, however, that none of the factors I just listed is required to be proved. Rather, you must consider the totality of the circumstances, which may or may not include the factors I just listed. It is also important to remember that the work environment does not need to be deemed "unendurable" or "intolerable" in order to have altered the conditions of Plaintiff's employment. *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 70 (2d Cir. 2000). Rather, the standard

is lower. All you must find, by a preponderance of the evidence, is that "the harassment is of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse." *Id.* Additionally, the conduct need not seriously affect an employee's psychological well-being or lead the employee to suffer injury in order to meet this standard. Rather, psychological harm is merely one relevant factor that can be taken into account in determining whether the employee actually found the environment hostile. *Harris*, 510 U.S. 17.

In sum, the Plaintiff will have satisfied the third element if, after carefully considering the totality of the circumstances, you find that more likely than not, the alleged harassment was severe or pervasive such that it affected a term, condition, or privilege of employment by creating an intimidating or abusive work environment.

**REQUEST NO. 5: Disparate Treatment**

In the instant case, the Plaintiff also asserts that she was subject to disparate treatment because she was terminated from her employment. She claims that she was terminated from her employment due to her gender. In order for a plaintiff to succeed on a disparate treatment claim, a plaintiff must prove, by a preponderance of the evidence, the following two elements:

(1) she suffered an adverse employment action; and,

(2) a causal connection exists between her membership in a protected class and the adverse employment action.

[Authority: *Dawson v. Bumble & Bumble*, 398 F.3d 211, 216 (2d Cir. 2005); *Gordon*, 232 F.3d 111; *Renz*, 135 F.3d at 223]

**Element One:**

Generally, a plaintiff suffers an adverse employment action when the terms and conditions of her employment are altered for the worse. This includes actions such as termination of employment, demotion, or reduction in salary. Because Plaintiff's employment was terminated, you will not need to consider whether this element has been satisfied, because I have found as a matter of law that it has been satisfied. *Whidbee*, 223 F.3d 62.

**Element Two:**

Similar to plaintiff's hostile work environment claim, the plaintiff must establish by a preponderance of the evidence that a causal connection between the plaintiff's gender and her termination. As I already informed you, it is important for you to remember that although the

-12-

plaintiff's gender must have played some role in the employer's decision, it need not have been the sole or exclusive factor motivating the employer's decision. In order for plaintiff to prevail on this element of her claim, plaintiff's gender may be one of many factors, as long as you find it was a motivating factor.

To reiterate, in determining whether plaintiff's gender was a motivating factor in defendants' decision to terminate her employment, you may, but need not, consider the following: (1) whether you believe the defendants' justifications for her termination; (2) whether similarly situated employees were treated differently; (3) the general timing and sequence of events leading up to the termination; (4) whether decision makers made statements reflecting a discriminatory animus or spoke to plaintiff using sexually degrading terms; (5) whether a group of employees who were not in the plaintiff's protected class were treated more favorably than the plaintiff; and, (6) whether the plaintiff was treated less favorably than a group of people who were not in her protected class. Again, these are merely factors, among many, that you may consider in determining whether the plaintiff's gender was, in part, a motivating factor in the decision to terminate her employment. [Authority: *Owen*, 155 F.3d at 139; *see Gilligan v. Town of Moreau*, 234 F.3d 1261 (2d Cir. 2000); *Morris v. Lindau*, 196 F.3d 102 (2d Cir. 1999)]

**REQUEST NO. 6: Retaliation**

In this case, the Plaintiff also asserts as a third claim that the defendants terminated her employment based upon her complaints of discrimination. To succeed on her retaliation claim, the Plaintiff must prove, by a preponderance of the evidence, the following three elements:

(1) she engaged in a protected activity that was known to the defendants;

(2) the defendants took materially adverse employment action against the plaintiff; and,

(3) a causal connection existed between plaintiff's participation in the protected activity and the materially adverse employment action.

[Authority: *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 113 (2d Cir. 2000), *modified by*, *Burlington No. & Santa Fe. RR., Co. v. White*, 126 S.Ct. 2405, 2415 (2006); *Gallagher v. Delaney*, 139 F.3d 338, 349 (2d Cir. 1998); *see Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170, 1178 (2d Cir. 1996); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1308 (2d Cir. 1995)]

**Element One:**

With respect to the first element, the Plaintiff claims that she engaged in a protected activity by making good faith complaints of discrimination to Defendant Garrett on approximately April 12, 2007 via email, to CISC Human Resources Representative Miriam de la Cruz on approximately May 17, 2007 via a telephone message, to CISC Human Resources Representative Lupita Purcell on approximately May 23, 2007 via a telephone conversation, and again to CISC Human Resources Representative Miriam de la Cruz on approximately May 24, 2007 via a telephone conversation.

A "protected activity" can be described as action taken to protest statutorily prohibited discrimination or discrimination which violated the controlling rules and laws prescribed. 42 U.S.C.

-14-

§ 2000e-3; *Cruz*, 202 F.3d at 566. Engaging in a protected activity includes complaining about unlawful discriminatory practices. *Bazile v. City of New York*, 215 F.Supp.2d 354, 363 (S.D.N.Y. 2002). This includes internal complaints of discrimination. In other words, the complaint does not need to be made to an outside agency or third-party in order for it to be a protected activity. Internal complaints to an employer's representatives are also protected activities. *See Kotcher v. Rosa & Sullivan Appliance Center, Inc.*, 957 F.2d 59, 65 (2d Cir. 1992).

Although the act of complaining is a protected activity under the law, the defendants in this case claim that the plaintiff's complaints were not sufficient to put them on notice that discriminatory treatment was occurring. Therefore, you will be asked to determine whether the plaintiff's complaints in this case were sufficient enough to put the defendants on notice that discriminatory treatment was occurring.

In order for an employee's complaints to constitute a protected activity, the employer must be put on actual or constructive notice that the employee believes that discrimination is occurring. In other words, the plaintiff must establish that the employer understood, or reasonably should have understood, her complaints to mean that she felt she was being discriminated against. *Galdieri-Ambrosini v. National Realty & Devel. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998). However, it is not necessary that the employee specify she is being discriminated against or that she use any particular language. There are no magic words that must be used when complaining for it to be a protected activity. The employer does not have to know that the complaint was a discrimination complaint, so long as the employer "could have understood that the plaintiff's opposition was directed at conduct prohibited by Title VII." *Id.* Additionally, oral complaints are equally protected under the law as written complaints.

**Element Two:**

As already stated, an adverse employment action includes any action taken that changes the terms, conditions, or privileges of an employee's status for the worse. This includes actions such as termination of employment, demotion, or reduction in salary. Because it is undisputed that Plaintiff's employment was terminated, I instruct you to find that this element is satisfied.

**Element Three:**

Similar to plaintiff's other claims, the plaintiff must establish by a preponderance of the evidence that a causal connection between the plaintiff's complaints of discrimination and her termination. As I already informed you, it is important for you to remember that although the plaintiff's complaints must have played some role in the employer's decision, they need not have been the sole or exclusive factors motivating the employer's decision. In order for plaintiff to prevail on this element of her claim, plaintiff's complaints may be one of many factors, as long as you find they were a motivating factor.

[Authority: *Owen*, 155 F.3d at 139; *see Gilligan*, 234 F.3d 1261; *Morris*, 196 F.3d 102]

I also want to add that in order to establish the requisite causal connection, it is not necessary for the plaintiff to show that the individual decision makers had personal knowledge of the plaintiff's complaints of discrimination, so long as the plaintiff proves by a preponderance of the evidence that the individual decision makers were influenced by other employees who were aware of plaintiff's complaints or were directed to act or influenced by managerial employees who were aware of plaintiff's complaints.

[Authority: *Kessler v. Westchester County Dept. of Soc. Servs.*, 461 F.3d 199, 210 (2d Cir. 2006) (where employer argued that although a complaint of discrimination had been made by the employee, the individual supervisor who transferred him and stripped him of his normal duties had no personal knowledge of the employee's complaints, the court held: "Even if this factual premise is true, this argument need not detain us long. 'Neither this nor any other circuit has ever held that, to satisfy the knowledge requirement, anything more is necessary than general corporate knowledge that the plaintiff engaged in the protected activity.'") (quoting *Gordon*, 232 F.3d at 116 (holding that a jury charge instructing that the plaintiff had to prove that the individual agents who took the retaliatory action against him had to have their own personal knowledge of the plaintiff's protected activity was erroneous and reversible as a matter of law))]

**REQUEST NO. 7: Group Decision Making**

In this case, the defendants have presented evidence to you that a number of different CISC employees were involved in the decisions on how to handle the customer complaints made against the plaintiff and the decision to terminate her employment. Therefore, I would like to give you a brief instruction relating to what I will call group decision making.

The law relating to group decision making states that the discriminatory mind of even just one individual or several individuals in a group of decision makers is sufficient for you to find that the employment decision was tainted with a discriminatory motive, even absent proof that the ultimate decision maker or other individuals in the group acted with a discriminatory motive, so long as the plaintiff proves that the discriminatory individual or individuals played a meaningful role in the decision making process. This is true even where the discriminating individual or individuals do not communicate any discriminatory animus to the other decision makers but nevertheless influence the decision through their recommendation.

Therefore, it is permissible for you in this case to conclude that the employment decisions about which plaintiff complains, namely her termination and the handling of customer complaints against her, were tainted with a discriminatory animus even though you have heard evidence that those decisions were made by a group of decision makers, some of whom you may find did not act with any discriminatory animus, so long as you find that other individuals in the group held a discriminatory animus and played a meaningful role in the decision making process.
[Authority: *CineSk8, Inc. v. Town of Henrietta*, 507 F.3d 778, 786 (2d Cir. 2007) (citing *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 125-26 (2d Cir. 2004) ("It is clear that impermissible bias of a single individual at any stage of the [decision making] process may taint the

ultimate employment decision . . . [ ] even absent evidence of illegitimate bias on the part of the ultimate decision maker, so long as the individual shown to have the impermissible bias played a meaningful role in the . . . process."); *see Anderson v. City of Bessemer City*, 470 U.S. 564, 579-80 (1985) (holding same in Title VII claim); *Jamieson v. Poughkeepsie City Sch. Dist.*, 195 F.Supp.2d 457, 474-75 (S.D.N.Y. 2002) (holding same even where discriminating individual does not communicate discriminatory animus to other decision makers but nevertheless influences the decision through his recommendation)]

Dated: Carle Place, New York
       December 2, 2009                      Respectfully submitted,

                                                            /s/
                                        Steven A. Morelli (SM-4721)
                                        Eric S. Tilton (ET-9547), *Of Counsel*
                                        The Law Office of Steven A. Morelli, P.C.
                                        One Old Country Road, Ste. 347
                                        Carle Place, New York 11514
                                        T: (516) 393-9151
                                        F: (516) 747-5024

                                        *Attorneys for Plaintiff*