UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

ALAINA SPILKEVITZ,                          :
                                            :
      Plaintiff,                            :
                                            :  08 CV 3407 (SJF) (ETB)
v.                                          :
                                            :  **ECF CASE**
CHASE INVESTMENT SERVICES CORP.,            :
LAWRENCE MCGOVERN, RICHARD                  :  **DEFENDANTS' PROPOSED**
EISEMAN, and ROBERT V. GARRETT,             :  **REQUESTS TO CHARGE**
                                            :
      Defendants.                           :

--------------------------------------------------------------x

Pursuant to Section 6(B) of this Court's Individual Practices, Defendants Chase Investment

Services Corp., Lawrence McGovern, Richard Eiseman, and Robert V. Garrett respectfully

submit the following proposed Requests to Charge. Defendants reserve the right to make

changes and to supplement these proposals based upon developments prior to or at trial and any

errors and omissions in the parties' submissions.[1]

## Final Proposed Requests to Charge

    1.      Employment Discrimination
         a.  Gender Discrimination
         b.  Pregnancy Discrimination
    2.      Retaliation
    3.      Hostile Work Environment
    4.      Information Regarding Customers To Be Kept Confidential

## Damages Requests to Charge (only if Liability is found)

    5.      Damages – Reasonable Certainty
    6.      Measure of Damages – Back Pay
    7.      Only One Recovery Allowed
    8.      Compensatory Damages

---

[1] Pursuant to this Court's Individual Practices, Defendants are only including Requests to Charge that set forth the elements of the claims, defenses, and damages.

9.      Punitive Damages

Dated: New York, New York
       December 2, 2009              Respectfully submitted,

                                   SEYFARTH SHAW LLP

                                 By: s/ Lauren Breitman Tanen
                                    Robert S. Whitman
                                    Lauren Breitman Tanen

                                 620 Eighth Avenue
                                 New York, New York 10018
                                 212-218-5500

                                 Attorneys for Defendants

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 1

EMPLOYMENT DISCRIMINATION

A.      Gender Discrimination

Plaintiff claims that Defendants discriminated against her because of her gender.  In order to prevail on this claim, Plaintiff must prove by a preponderance of the evidence that Defendants intentionally discriminated based on her gender.  You are instructed that at all times the burden of proof in this action remains with Plaintiff to prove that she was victim of intentional gender discrimination.  Defendants do not have the burden of proving that they did not discriminate against her.  If Plaintiff does not uphold her burden as to any of the elements of her claim, you must find for the Defendants.

1.      Adverse Employment Action

Plaintiff first must prove that the actions she challenges were adverse employment actions under the law.  A plaintiff sustains an adverse employment action only if she endures a "materially adverse change" in the terms and conditions of her employment.  To be "materially adverse," a change in working conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities.  Not everything in the workplace that makes an employee unhappy is actionable as an adverse employment action.  Therefore, unfair, overbearing, or annoying treatment of an employee standing alone is not an adverse employment actions, nor is an employee's mere dissatisfaction with her working conditions.

The parties agree that if you find that Plaintiff was terminated from employment, that would be an adverse employment action.  However, you should consider whether Plaintiff actually resigned as evidenced by the record and testimony.  If she resigned from employment, her resignation would not be an adverse employment action.

2.      Legitimate, Non-Discriminatory Business Reason and Pretext

Defendants have stated legitimate, non-discriminatory business reasons for the decisions they made with regard to Plaintiff.   Therefore, Plaintiff has the burden to prove by a preponderance of the evidence that each reason given by Defendants was not the true reason for its decision, but was merely a pretext for intentional discrimination based on her gender.  In other words, it is not enough that Plaintiff prove that Defendants' reasons were not the true reasons – she must also prove by a preponderance of the evidence that her gender was a determinative or motivating factor in each of Defendants' decisions.   A "determinative factor" is a factor that made a difference in the decision in question.

In deciding whether each reason given by Defendants for their decisions with regard to the challenged actions is a pretext for intentional gender discrimination, you are really being asked to decide the motivation behind those decisions.  You cannot conclude that a stated reason was a pretext for discrimination unless you conclude both that Defendants' stated reasons were false and that the real reason for the decision was to discriminate against Plaintiff because of her gender.

Plaintiff's own subjective belief that she was discriminated against is not enough to meet her burden of proof.  Nor is it enough for Plaintiff to speculate or show a mere possibility that the reasons given by Defendants were untrue or that the real reason for the challenged action was discriminatory.  Discrimination does not lurk behind every inaccurate statement.  In short, even if you were to find that the reasons offered by Defendants were false or incomplete, it would not necessarily mean that the decisions were the product of unlawful gender discrimination.

4

3.      Business Judgment

In considering whether Plaintiff has met her burden of proving her gender discrimination claim, you must keep in mind that Defendants were entitled to make any business judgment or decision they chose so long as the decision-maker was not exercising his or her judgment with discriminatory intent.  You are not to decide whether, had you been her manager or employer, you would have made different decisions.  Defendants were entitled to make these decisions for any reason, or for no reason at all, so long as the decisions were not made with discriminatory intent.

Defendants do not have the burden of establishing that any decision being challenged in this case was sound or even fair.  It is not necessary that you believe that Defendants made the correct decisions.

B.      Pregnancy Discrimination

Plaintiff also claims that she was subjected to discrimination on the basis of her pregnancy.  Under the law, women affected by pregnancy, childbirth, or related medical conditions shall be treated the same as non-pregnant employees for all employment-related purposes.

In determining whether Plaintiff was subjected to unlawful pregnancy discrimination, you must consider whether Plaintiff has proven the following elements and provide these elements by the preponderance of evidence:

1.      Plaintiff suffered an adverse employment action; and

2.      Plaintiff's pregnancy was a motivating factor in that adverse employment action.

If either of the above elements has not been proved by the preponderance of the evidence, your verdict must be for Defendants on this claim and you need not proceed further in considering this claim.

5

You may apply the instructions provided to you with regard to gender discrimination to pregnancy discrimination.   In other words, the same standard and definition of "adverse employment action" applies to Plaintiff's claim of pregnancy discrimination.

_____

UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000); St. Mary's Honor Center v. Hicks, 509 U.S. 502, 507 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981); Weinstock v. Columbia Univ., 224 F.3d 33 (2d Cir. 2000); Wanamaker v. Columbian Rope Co., 108 F.3d 462, 466 (2d Cir. 1997); Quaratino v. Tiffany & Co., 71 F.3d 58, 64 (2d Cir. 1995); Adams v. Canon USA, Inc., No. 07-3512 (DRH), 2009 WL 3064856, at *14 (E.D.N.Y. Sept. 22, 2009); Hayes v. Kerik, 414 F. Supp. 2d 193, 203 (E.D.N.Y. 2006) (Feuerstein, J.); McNamara and Southerland, Federal Employment Jury Instructions, § 5, 1:740-1:760, Vol. 1 (2009); 42 U.S.C. § 2000e(k).

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTION NO. 2

RETALIATION

Plaintiff claims that Defendants retaliated against her after she complained to upper management and Human Resources about being discriminated against because of her gender and pregnancy.   Defendants deny that Plaintiff ever complained to upper manager or Human Resources that she was discriminated against on the basis of her gender or pregnancy, and also denies that she was ever retaliated against for any of the complaints she made.

To prevail on this claim, Plaintiff must prove all of the following facts by a preponderance of the evidence:

1.     that she participated in an activity protected under law;

2.     that she suffered an adverse employment action; and

3.     that there was a causal connection between the protected activity and the adverse employment action.

Concerning the first element, the law defines a "protected activity" as making a complaint of unlawful discrimination.  This means more than a generalized complaint about unfairness or a passing reference to one's protected status; the plaintiff must complain about *unlawful discrimination*.  General complaints of unfair treatment, ordinary workplace issues or unhappiness with management do not constitute an explicit complaint of illegal discrimination. For a complaint to be deemed protected activity it must put the employer on notice that the Plaintiff has engaged in protected activity.

Concerning the second element, whether a challenged action could be considered objectively "adverse" must depend in part upon whether such action would be materially likely to dissuade a reasonable worker from making or supporting a charge of discrimination.

7

Concerning the third element, that of causal connection, Plaintiff must show that the adverse employment action taken against her was causally connected to "protected activity," and that those charged with making the decisions were actually aware of any protected activity.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Burlington Northern & Santa Fe Ry. Co. v. White, 126 S. Ct. 2405 (U.S. 2006); Kessler v. Westchester County Dep't of Soc. Servs., 461 F.3d 199, 205-06 (2d Cir. 2006); Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000); Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 292 (2d Cir. 1998); Almendral v. N.Y. State Office of Mental Health, 743 F.2d 963 (2d Cir. 1984).

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTION NO. 3

HOSTILE WORK ENVIRONMENT

Plaintiff claims that she suffered from a "hostile work environment" during her employment at CISC.  In order to prevail on this claim, Plaintiff must demonstrate that her workplace environment was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of the work environment.  Offhand comments, or isolated incidents of offensive conduct, unless extremely serious, will not support a claim of discriminatory harassment.

Even if such an environment were shown, the law provides an affirmative defense to employers to prevent liability.  Here, Defendants invoke this affirmative defense.  Thus, you must find for the Defendants if you find that CISC has proved by a preponderance of the evidence that:

1. Defendants exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and

2. the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or otherwise to avoid harm.

In evaluating this affirmative defense, you must consider whether CISC had an anti-discrimination policy in place.  You must determine whether Plaintiff took advantage of the policy by placing CISC on notice of her complaints of alleged discrimination, and if not, whether her failure or refusal to do so was unreasonable.

To the extent the Plaintiff claims she did not make an internal complaint of discrimination because she feared retaliation if she did so, it is her burden to produce evidence

that her fear is credible, such as proof that the employer has ignored or resisted similar complaints or has taken adverse actions against employees in response to such complaints.

UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Adapted from O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions</u> § 171.74 (5th ed. 2000) (as modified); <u>Burlington Industries v. Ellerth</u>, 524 U.S. 742, 762-63 (1998); <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 807 (1998); <u>Petrosino v. Bell Atl.</u>, 385 F.3d 210, 221 (2d Cir. 2004); <u>Leopold v. Baccarat, Inc.</u>, 239 F.3d 243, 246 (2d Cir. 2001)); <u>Cruz v. Liberatore</u>, 582 F. Supp. 2d 508, 527 (S.D.N.Y. 2008).

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTION NO. 4

INFORMATION REGARDING CUSTOMERS TO BE KEPT CONFIDENTIAL

During this trial, there has been testimony and documentary evidence presented concerning the identities, addresses, financial status, social security numbers, and other identifying information of customers of CISC.  The Court has entered an Confidentiality Stipulation and Protective Order stating that all such information concerning customers is to be kept confidential during and subsequent to trial of this matter.  All parties and the jurors are to keep confidential any and all customer information heard during this trial in accordance with this Order.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Confidentiality Stipulation and Protective Order signed by Judge Thomas E. Boyle on June 4, 2009.

NY1 26598574.2

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTION NO. 5

DAMAGES - REASONABLE CERTAINTY

If you have found for the Plaintiff on any of her claims, then you must consider whether to award her damages.  The law places a burden upon the Plaintiff to prove such facts as will enable you to arrive at the amount of damages with reasonable certainty and without speculation. While the law does not require that Plaintiff prove the amount of her losses with mathematical precision, Plaintiff is required to demonstrate her losses with as much definiteness and accuracy as the circumstances permit.


_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____


Devitt, Blackman & Wolff, <u>Federal Jury Practice & Instructions</u>, § 85.14 (4th ed. 1987) (as modified).

12

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTION NO. 6

MEASURE OF DAMAGES – BACK PAY

If you find for Plaintiff on her discrimination and retaliation claims in that you find that she was terminated from employment because of her gender or pregnancy or retaliation, you may then award her actual damages in the form of back pay.  In other words, you may award as actual damages an amount that reasonably compensates Plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits that Plaintiff would have received if had not been discriminated or retaliated against.

_____

UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

O'Malley, Grenig & Lee, Federal Jury Practice & Instructions §§ 170.60, 170.61 (5th ed. 2000) (as modified); Lorillard v. Pons, 434 U.S. 575 (1978); Gunby v. Pennsylvania Elec. Co., 840 F.2d 1108, 119-20 (3d Cir. 1988); Edwards v. Jewish Hosp. of St. Louis, 855 F.2d 1345 (8th Cir. 1988).

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTION NO. 7

ONLY ONE RECOVERY ALLOWED

Damage awards are designed only to compensate persons for injury suffered.  You may not, therefore, award Plaintiff an item of damages (e.g., lost earnings) more than once even if Plaintiff establishes that she is entitled to recover based on more than one legal theory.  An injured Plaintiff is allowed only one recovery for an injury.


_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____


NLRB v. Local 18, Bricklayers Masons & Plasterers Int'l Union, 453 F.2d 863 (3d Cir. 1971) (per curiam); Florence Printing Co. v. NLRB, 376 F.2d 216 (4th Cir. 1967).

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTION NO. 8

COMPENSATORY DAMAGES

Plaintiff is also seeking compensation for physical and mental suffering she claims to have endured as a result of the Defendants' conduct.  If you find Defendants discriminated against Plaintiff based upon her gender or pregnancy or retaliated against her, and that Plaintiff has experienced pain and suffering as a result of Defendants' conduct, then you must determine an amount that is fair compensation for Plaintiff's pain and suffering.  You may award compensatory damages only for injuries that Plaintiff proves were caused by Defendants' allegedly wrongful conduct.

The damages that you award must be fair compensation - no more and no less.  Any award you make must be fair in light of the evidence presented at the trial.  You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation or guess work.

_____
UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

O'Malley, Grenig & Lee, Federal Jury Practice & Instructions § 171.90 (5th ed. 2000) (as modified).

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTION NO. 9

PUNITIVE DAMAGES

Plaintiff claims not only that Defendants discriminated against her on the basis of her gender and pregnancy, but that Defendants did so with malice or reckless indifference to Plaintiff's federally protected rights so as to entitle Plaintiff to an award of punitive damages in addition to compensatory damages.  The federal civil rights laws allow, but do not require, the jury to award punitive damages, in order to punish a wrongdoer for extraordinary misconduct, and to warn others against doing the same.

In this case, you have discretion to award punitive damages if you should find from a preponderance of the evidence that the Plaintiff is entitled to actual damages and if the Plaintiff further proves that the Defendants' acts were motivated by an "evil motive," or involved a reckless indifference to Plaintiff's rights.

An award of punitive damages would be appropriate in this case only if you first find for Plaintiff on one or more of her claims of discrimination, and then further find, from a preponderance of the evidence, the following two facts:  first, that a higher management official of CISC personally acted with malice or reckless indifference to Plaintiff's federally protected rights; and second, that CISC did not act in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.   If you do not find both of these facts from a preponderance of the evidence, then Defendants are not liable for punitive damages.

The Plaintiff is not entitled to punitive damages as a matter of right.  Rather, you must make a judgment about the Defendants' conduct.  To make such a judgment it is important to keep in mind the reason for awarding punitive damages, namely:  to punish Defendants for

malicious conduct against the Plaintiff or reckless indifference to the Plaintiff's rights and to

deter future such conduct by Defendants or others like them.  Thus, you should consider whether

the award of punitive damages will accomplish this dual purpose of punishment and deterrence.

As part of this determination you may consider Defendants' financial circumstances.

       If you do award punitive damages against Defendants, you should fix the amount using

calm discretion and sound reason.  You must not be influenced by sympathy for or dislike of any

party in the case.


_____

UNITED STATES DISTRICT JUDGE

GIVEN:_____

REFUSED:_____

MODIFIED:_____

Adapted from O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions</u> § 171.94 (5th ed. 2000) (as modified); 5 L. Sands, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instruction 87-35, ¶ 87.01 (1996); 3 Devitt, Blackmar & Wolff, <u>Federal Jury Practice & Instructions</u>, § 104.07 (4th ed. 1987 & Supp. 1995); <u>Kolstad v. American Dental Ass'n</u>, 527 U.S. 526 (1999); <u>Weissman v. Dawn Joy Fashions, Inc.</u>, 214 F.3d 224, 235-36 (2d Cir. 2000); 42 U.S.C. § 1981a(b)(1).

3